UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAINA M. ZANKE-JODWAY and
TIMOTHY M. JODWAY,

    Plaintiffs,

        v.

CITY OF BOYNE CITY, a municipal corporation,

ELEANOR STACKUS, individual   [Mayor],
RONALD GRUNCH, an individual   [Commissioner],
DAN ADKISON, an individual     [Commissioner],
JERRY DOUGLAS, an individual    [Commissioner],
DENNIS JASON, an individual     [Public Works Dep't]
MICHAEL CAIN, an individual     [City Manager],
DAN MEADS, an individual       [Water Dep't Dir.],

CAPITAL CONSULTANTS, INC., a Michigan Corp.,
LAWRENCE FOX, an individual,
JAMES E. HIRSCHENBERGER, an individual,[1]

Case No. 1:08-cv-930

HONORABLE PAUL L. MALONEY

Chief United States District Judge

---

[1]     In October 2009, the court granted in part and denied in part the Capital Defendants' motion to dismiss or for summary judgment. The decision eliminated one of the plaintiffs' seven claims against the Capital defendants. The court determined that:

(1)     the statutes invoked in counts 7, 8 and 9 permit private-citizen suits, but only for declaratory and equitable relief, not damages, fines, attorneys fees and costs, etc.;

(2)     plaintiffs have standing to bring the environmental statutory claims in counts 7-9; and

(3)     even if plaintiffs seem to have made out a *prima facie* case on the environmental statutory claims in counts 7-9 as to Capital which those defendants thus far have not yet persuasively rebutted, summary judgment would be premature before completion of discovery;

(4)     The Michigan Supreme Court's *Fultz* tort/contract doctrine forecloses count 14 (negligence) as to Capital, but they have not presented authority for applying *Fultz* to foreclose counts 7-9 (enforcement of state environmental-protection statutes), count 10 (statutory nuisance *per se* based on violation of a city stormwater ordinance), or count 11 (statutory trespass).

| | |
|---|---|
| BEN SACKRIDER, an individual, | |
| PHILLIP VAN DERMUS , an individual, | |
| BEN SACKRIDER and PHILLIP VAN DERMUS d/b/a | |
| TRI-COUNTY EXCAVATING, | |
| | |
| MICHAEL E. GABOS and ANN GABOS, | |
| | |
| FIFTH THIRD MORTGAGE-MI, LLC, a Delaware Corp., | |
| | |
| DEBORAH A. SPENCE, an individual, | |
| DEBORAH A. SPENCE d/b/a A.C.E. Appraisal, | |
| | |
| JAMES J. LUYCKX and CAROLYN S. LUYCKX, | |
| | |
| CLARKE R. HAIRE, BETTY JANE HAIRE, and | |
| LYNN J. HAIRE, | |
| | |
| Defendants. | |

## ORDER

### Directing the Plaintiffs to Show Cause
### Why The Case Should Not Be Dismissed for Lack of Prosecution

This case implicates Michigan's Natural Resource and Environmental Protection Act ("NREPA"), which is Chapter 324 of the Michigan Compiled Laws. Counts seven, eight and nine may all implicate NREPA Article I - General Provisions (especially Part 3 - Definitions and Part 17 - Michigan Environmental Protection Act ("MEPA")). Count seven implicates NREPA Part 31.

---

To afford the plaintiffs an opportunity for fuller discovery, the court denied without prejudice the plaintiffs' and Capital defendants' cross-motions for summary judgment on the merits of Count 7 - Michigan Clean Water Act (NREPA Part 31), Count 8 - Michigan Soil and Sedimentation Act (NREPA Part 91), Count 9 - Michigan Inland Lakes and Streams Act (NREPA Part 301), Count 10 - Michigan Statutory Nuisance *Per Se*, Count 11 - Michigan Statutory Trespass. *See Zanke-Jodway v. Boyne City et al.*, No. 08-cv-930, 2009 WL 3205969(W.D. Mich. Sept. 29, 2009) (Maloney, C.J.).

Count eight implicates NREPA Article II Chapter 2 - Nonpoint Source Pollution Control (especially Part 91 – Soil Erosion and Sedimentation Control). Count nine implicates NREPA Article III, Chapter 1, Part 301, especially sections 30101, 30102, and 30106. The plaintiffs also assert many tort claims under Michigan's statutory and common law.

The property at issue in this action is a home and two lakefront lots at 324 Bay Street, in the Original Plat of Spring Arbor, located in Boyne City, Charlevoix County, Michigan. As of March 2005, the property was owned by non-parties Michael and Elizabeth Pilobosian; in June 2005, they sold it to defendants Michael and Ann Gabos for $549,000. *See* Am Comp ¶¶ 40 & 49. On July 20, 2005, plaintiffs Alaina M. Zanke-Jodway and Timothy M. Jodway ("together "Jodway") made a $649,000 purchase offer to Gabos; the sale closed on August 3, 2005. Am Comp ¶¶ 1-3, 26, and 50.

Defendant Fifth Third Bank - Michigan, LLC provided financing for the June 2005 Gabos purchase and the Jodway purchase less than two months later. For both transactions, Fifth Third commissioned and relied on appraisals done by defendant Deborah Spence, a licensed Michigan residential real-estate appraiser, through her company A.C.E. Am Comp ¶¶ 27, 29-30, and 52-53.

The August 3, 2005 Warranty Deed ("the deed") states that the property includes three lots. *Id.* ¶3. Block 4 - Lot 14 is a corner lot which contains their house; the front of the house faces Bay Street, and the side of the house faces Addis Street. *Id.* ¶ 4. Block 1 - Lots 1 and 2 have a steep slope and a bluff, with 23 cement steps leading to a more-gently sloped flat area, and then a boulder ("rip rock") seawall which ranges from five to eight feet high in front of their beachfront. *Id.* ¶¶ 4-5.

Next to Lot 14 (Jodway's house) is an unimproved small triangular lot owned by defendant City of Boyne City ("Boyne City"), a municipal corporation. Am Comp ¶¶ 9-10. During the relevant time period, Boyne City employed these defendants: Mayor/Commissioner Stackus;

Commissioners Grunch, Adkison, and Douglas; Public Works Director Jason; City Manager Cain; and Water Department Director Meads. Am Comp ¶¶ 11-19.

Next-door and down-slope from the Jodway property is 320 Bay Street (owned by defendants James J. Luyckx and Carolyn S. Luyckx, together "Luyckx"), which experienced stair washout from water run-off directed down their driveway. *Id.* ¶¶ 35 and 45. Next-door to and down-slope from that is 318 Bay Street (owned by defendants Clarke, Betty Jane, and Lynn Haire), which had a private drain from Bay Street through their property into Lake Charlevoix. *Id.* ¶¶ 37 and 46-47.

Although Jodway did not own the property until August 2005, the relevant events began about five months earlier, when defendant City of Boyne City ("the City") searched for a contractor to provide engineering design services and supervise the reconstruction of Bay Street. Am Comp ¶ 40. , prepared Capital's proposal. Am Comp ¶¶ 19-21. On March 2, 2005, defendant Capital Consultants, Inc., submitted a proposal to The City which was prepared by defendants James M. Fox and James E. Hirschenberger, Capital employees who were licensed by the State of Michigan as professional engineers. Capital's Bay Street proposal read, in pertinent part:

> The reconstruction of Bay Street from John Street to Addis Street, a length of approximately 600 feet. The improvements will include the reconstruction of the existing seal coat roadway with new HMA pavement, drainage and culvert improvements, [and] sanitary sewer and water main replacement. The sanitary sewer will be replaced on John Street from Michigan Avenue to Bay Street.
>
> The existing roadway is approximately 16 feet wide and the new roadway will likely be replaced at the same width and location. *Although the City has 66 feet of right of way, in this area, some of it is not usable due to the location of the bluff to the lake, and a portion of the existing road may not be in the right of way.* Existing drains to the lake will be utilized where possible. It is not anticipated that new storm outlets to the lake will be included as part of the project.

Defs' MSJ (Doc. No. 58), Ex A at unnumbered page 3 (paragraph break added, emphasis added).

According to Jodway, the "existing drains" referred to in the Capital Proposal were (1) a drainage pipe that ran from a Bay Street catch basin, through the Haires' lakefront property, whose property is "two doors down" from Jodway, and (2) a private catch basin and drain installed by the prior owner of the Jodway property to prevent water run-off from eroding the soil and slop beneath the cement steps of lakefront lots 1 and 2 of the Jodway property. *See* Am Comp ¶ 43.

On April 25, 2005, Boyne City held a Bay Street construction "kick-off meeting", where its Public Works Director discussed the following issues with Capital and its engineers, Fox and Hirschenberger: (1) existing drainage pipes were inadequate; (2) the City had no right-of-way over the Jodway property for laying water pipes and a fire hydrant; (3) the City had no "flowage" easement over Jodway Lots 1 and 2 to allow run-off and storm water to drain into Lake Charlevoix; and (4) the project might require "grading" permits. Am Comp ¶¶ 43-44.

At a meeting on July 21, 2005 – the day after Jodway made a purchase offer to Gabos – Boyne City, Jason and/or Meads directed Capital to design and install a new catch basin and connect it to the existing catch basin on Jodway Lots 1 and 2, in order to drain neighborhood run-off and storm water from Bay Street over the Jodway property and into the lake. Am Comp ¶ 51.

On August 3 – the day the Gabos sale to Jodway closed – Capital asked Boyne City to advertise and solicit excavation contractor bids for the Bay Street reconstruction project. Am Comp ¶ 54. On August 17 – two weeks after Jodway took possession – Boyne City and Capital applied to the Michigan Department of Environmental Quality ("DEQ") for a permit to lay water pipes and a fire hydrant through Jodway's Lot 14 (the corner lot, where their house was located), even though they allegedly knew that the proposed location was not within a valid right of way, *id.* ¶¶ 55-56.

On August 30, 2005, Boyne City held a Special Commissioners' Meeting where Mayor

Stackus and Commissioners Grunch, Adkison, and Douglas voted to proceed with the Bay Street reconstruction (as recommended by Jason and Cain). Jodway alleges that they knew that Capital's design would encroach on their property rights in three respects: (1) run-off and storm water, a "non-point" source of pollution, would be directed through Jodway's lakefront lots and discharged into the lake; (2) the grade and topography of Bay and Addis Streets would be changed to form a bowl to collect run-off and storm water diverted from Luyckx and Haire to the Jodway property; and (3) the proposed location of the water pipes and fire hydrant was outside a platted right of way and encroached on Jodway Lot 14. They rejected Commissioner Vondra's motion to give notice to Jodway before proceeding. *Id.* On September 2, 2005, City Public Works Director Jason notified all Bay Street residents *except Jodway* that the project would begin soon. *Id.* ¶¶ 57-58 and 62-63.

In September 2008, Jodway filed the original complaint in the Circuit Court of Charlevoix County, Michigan, and the Boyne City defendants jointly effected timely, proper removal to this court in October 2008. In December 2008, the plaintiffs filed their first amended complaint, and the defendants filed answers and affirmative defenses in December 2008 and January 2009.

The parties filed motions for summary judgment as follows:

| | | | |
|---|---|---|---|
| ~~February 9, 2009~~ | ~~Doc. 58~~ | ~~Capital Defendants~~ | ~~Resolved Sept. 2009~~ |
| ~~March 17, 2009~~ | ~~Doc. 62~~ | ~~P's Opp & Cross-Motion~~ | ~~Resolved Sept. 2009~~ |
| **April 28, 2009** | **Doc. 76** | **The Boyne Defendants' Motion for Partial SJ** | |
| May 7, 2009 | Doc. 79 | The Haires' concurrence in Boyne Defs.' motion | |
| **May 5, 2009** | **Doc. 78** | **TriCounty Defendants** | |
| May 2009 | Doc. 80 | The Haires' concurrence in TriCounty motion | |
| May 2009 | Doc. 81 | Spence/ACE's concurrence in TriCounty motion | |
| **August 20, 2009** | **Docs. 108-09** | **P's Opp & Cross-Motion** | |
| Sept 2009 | Doc. 110 | TriCounty Defendants' Opp/Reply Brief | |

**May 13, 2009**  Doc. 82  **The Luyckxs**
　　May 2009  Doc. 85  The Haires' concurrence in Luyckxs' motion
*Jodway did not file opposition by the August 20, 2009 extended deadline, see Doc. 106.*

**May 22, 2009**  Doc. 87  **Fifth Third**
*Jodway did not file opposition by the August 20, 2009 extended deadline, see Doc. 106.*

**May 26, 2009**  Doc. 91  **Spence/ACE**
*Jodway did not file opposition by the August 20, 2009 extended deadline, see Doc. 106.*

**July 30, 2009**  Doc. 107  **Gabos**
*Jodway did not file opposition by the August 31, 2009 deadline, see FED. R. CIV. P. 6.*

**Nov. 13, 2009**  Doc. 112  **Gabos Motion for Entry of Judgment**
*Jodway did not file opposition by the December 14, 2009 deadline, see FED. R. CIV. P. 6.*

The Boyne City Defendants' motion for summary judgment was filed over nine months ago, while the Luycyx, Spence, and Fifth Third motions were all filed more than eight months ago. The Gabos' motion for summary judgment was filed more than five months ago, and their motion for entry of judgment two and a half months ago. As to each of these six motions, the plaintiffs have neither filed a response nor even sought an extension of time in which to do so.

**ORDER**

No later than Friday, February 19, 2010, the plaintiffs **MAY FILE** a brief which shows "good cause" for their failure to prosecute their case.

**If** the court does not receive such brief **then** the case will be dismissed on Monday, February 22, 2010, FED. R. CIV. P. 41, for lack of prosecution as to all Defendants noted above who have unanswered Motions for Summary Judgment.

This Order does not grant Plaintiff authority to file a belated Answer to the Motions for Summary Judgment.

This is not a final and immediately-appealable order.

**IT IS SO ORDERED** on this 5th day of February 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge