UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                |
                                                |
ALAINA M. ZANKE-JODWAY and                      |
TIMOTHY M. JODWAY,                              |        Case No. 1:08-cv-930
                                                |
        Plaintiffs,                             |
                                                |
              v.                                |     HONORABLE PAUL L. MALONEY
                                                |
CAPITAL CONSULTANTS, INC., a Michigan Corp.,    |
LAWRENCE FOX, an individual,                    |
JAMES E. HIRSCHENBERGER, an individual,         |
                                                |
BEN SACKRIDER, an individual,                   |
PHILLIP VAN DERMUS , an individual, and         |
BEN SACKRIDER and PHILLIP VAN DERMUS d/b/a      |
TRI-COUNTY EXCAVATING,                          |
                                                |
        Defendants.                             |
                                                |
_____|


**OPINION and ORDER**
*" Zanke 5 "*

**Declining Supplemental Jurisdiction over the Remaining State-Law Claims;
Remanding the Case to the Circuit Court for Charlevoix County, Michigan;
Terminating and Closing the Case**


        This *pro se* action implicates Michigan's Natural Resource and Environmental Protection

Act ("NREPA"), which is Chapter 324 of the Michigan Compiled Laws.  Counts seven, eight

and nine may all implicate NREPA Article I - General Provisions (especially Part 3 - Definitions

and Part 17 - Michigan Environmental Protection Act ("MEPA")).  Count seven implicates

NREPA Part 31.  Count eight implicates NREPA Article II Chapter 2 - Nonpoint Source

Pollution Control (especially Part 91 – Soil Erosion and Sedimentation Control). Count nine

implicates NREPA Article III, Chapter 1, Part 301, especially§§ 30101, 30102 & 30106. The

plaintiffs also asserted many tort claims under Michigan's statutory and common law.

Plaintiffs asserted seven claims against the three TCE Defendants:

Count 7          NREPA Part 31, Clean Water Act
Count 8          NREPA Part 91, Soil & Sedimentation Act
Count 9          NREPA Part 301, Inland Lakes and Streams Act

~~Count 10          Nuisance Per Se in violation of MICH. COMP. LAWS § 125.3407~~
~~Count 11          Trespass in violation of MICH. COMP. LAWS § 600.2919~~
~~Count 14          Negligence~~
~~Count 25          Intentional Infliction of Emotional Distress ("IIED")~~

Amended Complaint filed December 6, 2008 (Doc 45) ("Am Comp"). The claims which were

previously dismissed are listed in "strikeout" font.

*Zanke 1*

For the factual background underlying this controversy, and an overview of the plaintiffs'

theory of the case, the court incorporates by reference the discussion in *Zanke 4*, 2010 W L

914339 at *1-4. Jodway filed the original complaint in the Circuit Court of Charlevoix County,

and the Boyne City Defendants removed to this court in October 2008. In December 2008 -

January 2009, plaintiffs filed an amended complaint, and defendants filed answers and

affirmative defenses. **In October 2009, the court partly granted and partly denied the**

**Capital Defendants' motion to dismiss or for summary judgment. *See Zanke-Jodway v.***

***Boyne City et al.*, No. 08-cv-930, 2009 WL 3205969 (W.D. Mich. Sept. 29, 2009) (Maloney,**

**C.J.) ("*Zanke 1*").** That eliminated one of plaintiffs' seven claims against the Capital

defendants. The court determined that:

(1)     plaintiffs have standing to bring the environmental statutory claims in counts 7-9, and the statutes invoked in those counts permit private-citizen suits, but only for declaratory and equitable relief, not damages, fines, attorneys fees and costs, etc., *see Zanke 1*, 2009 WL 3205969 at \*14-19;

(2)     The Michigan Supreme Court's *Fultz* tort/contract doctrine forecloses count 14 (negligence) as to Capital, but they presented no authority for applying *Fultz* to foreclose counts 7-9 (enforcement of state environmental-protection statutes), count 10 (statutory nuisance *per se* based on violation of a city stormwater ordinance), or count 11 (statutory trespass), *see Zanke 1*, 2009 WL 3205969 at \*20-35; and

(3)     even if plaintiffs seem to have made out a *prima facie* case on the environmental statutory claims in counts 7-9 as to Capital  which those defendants thus far have not yet persuasively rebutted, summary judgment would be premature before completion of discovery, *see Zanke 1*, 2009 WL 3205969 at \*38;

(4)     Capital did not seek dismissal or summary judgment on count 25, IIED.


*Zanke 2 and 3*

In February 2010, this court ordered the plaintiffs to show cause why part or all of their case should not be dismissed due to their prolonged failure to prosecute, as evinced by their failure to respond to about half a dozen timely-filed dispositive motions, failure to request more time for discovery pursuant to FED. R. CIV. P. 56(f), and failure even to seek a further extension of time in which to do any of the foregoing (even months after the motion response deadlines passed).  **See Zanke-Jodway, No. 1:2008-cv-930, 2010 WL 520697 (W.D. Mich. Feb. 5, 2010) (Maloney, C.J.) ("Zanke 2 ").**  The plaintiffs filed a detailed and emotionally compelling response to the order, but they failed to show cause for the extent and duration of their failure to prosecute their case against those moving defendants.  Accordingly, earlier this month, this court dismissed plaintiffs' claims against eighteen defendants with prejudice, pursuant to FED. R. CIV. P. 41, for lack of prosecution:

–      The City of Boyne City, Eleanor Stackus, Ronald Grunch, Dan Adkison, Jerry
         Douglas, Dennis Jason, Michael Cain, and Dan Meads.
–      Michael E. Gabos and Ann Gabos;
–      Fifth Third Mortgage-Michigan, LLC
–      Deborah A. Spence and Deborah A. Spence d/b/a A.C.E. Appraisal
–      James J. Luyckx and Carolyn S. Luyckx
–      Clarke R. Haire, Betty Jane Haire, and Lynn J. Haire

*See Zanke-Jodway v. Boyne City et al.*, **No. 08-cv-930, Doc. \_\_\_\_, 2010 WL \_\_\_\_ (W.D. Mich.**

**Mar. 3, 2010) (Maloney, C.J.) (“*Zanke 3*”).**  That resulted in the dismissal with prejudice of the

following claims, which were <u>not</u> asserted against the TCE Defendants or Capital Defendants:

| | | |
|---|---|---|
| Count 1 | 42 U.S.C. § 1983 Civil Rights (Boyne City Defendants) |
| Count 2 | Michigan Constitution, Contract Clause (Boyne City Defendants) |
| Count 3 | Michigan Constitution, Procedural Due Process (Boyne City Defendants) |
| Count 4 | Michigan Constitution, Substantive Due Process (Boyne City Defendants) |
| Count 5 | Michigan Constitution, Equal Protection (Boyne City Defendants) |
| Count 6 | Inverse Condemnation / *De Facto* Taking (Boyne City Defendants) |
| | |
| Count 12 | Ejectment (Boyne City alone) |
| Count 13 | Declaratory Judgment to Quiet Title (Boyne City alone) |
| | |
| Count 15 | Breach of Contract / Warranty Deed Covenants - Rescission (Gaboses) |
| Count 16 | Breach of Contract / Warranty Deed Covenants - Damages (Gaboses) |
| Count 17 | Fraud in the Inducement - Rescission (Gaboses) |
| Count 18 | Fraud in the Inducement - Damages (Gaboses) |
| Count 19 | Fraudulent Misrepresentation (Gaboses) |
| Count 20 | Negligent Misrepresentation (Gaboses) |
| | |
| Count 21 | Fraudulent Misrepresentation, Fraudulent Inducement, and Violation of the Michigan Consumer Mortgage Act by Use of an Inflated Appraisal (Spence, Spence d/b/a Ace Appraisal, and Fifth Third Bank) |
| Count 22 | Rescission of Mortgage Loan (Fifth Third Bank alone) |
| Count 23 | Negligent Misrepresentation and Fraudulent Inducement and “Violations of the Consumer Mortgage Loan” (Spence, Spence d/b/a Ace Appraisal, and Fifth Third Bank) |
| Count 24 | Negligence by Breach of Statutory Duty / USAP Professional Standards (Spence, Spence d/b/a Ace Appraisal, and Fifth Third Bank) |

*See* Am Comp at 2-4.

   *Zanke 4*

**The court then addressed the dispositive motion to which the plaintiffs *did* timely respond – the motion to dismiss or for summary judgment of the three TriCounty Defendants (Sackrider, Van Dermus, and Sackrider and Van Dermus d/b/a Tri-County Excavating, collectively "TCE") – as well as plaintiffs' cross-motion for summary judgment against TCE.**

The amended complaint asserted seven claims against TCE – counts 7-9, 10, 11, 14 and 25 – and this court dismissed three claims (Count 10 Nuisance Per Se under MICH. COMP. LAWS § 125.3407, Count 11 Statutory Trespass under MICH. COMP. LAWS § 600.2919, and Count 14 Negligence) under FED. R. CIV. P. 12(b)(6) motion based on the Michigan Supreme Court's *Fultz* contract/tort doctrine. *See Zanke 4*, 2010 WL 914339 at *8 and *9-12. The court dismissed one more claim against TCE (Count 25, Intentional Infliction of Emotional Distress) on a non-*Fultz* ground for failure to state a claim on which relief can be granted. *See id.* at *12-13. Also, the court dismissed plaintiffs' claims for any type of relief from TCE other than declaratory or injunctive relief, on statutory environmental counts 7-9 (e.g., compensatory damages, punitives, fines or penalties to the State, attorneys fees, etc.). *See id.* at *9.

The court denied the TCE Defendants' Rule 12(b)(6) motion to dismiss the three statutory environmental claims (counts 7-9) under *Fultz. See Zanke 4*, 2010 WL 914339 at *8-9. Finally, the court denied without prejudice the cross-motions for summary judgment on those same claims, reasoning that they were premature before the completion of discovery. *See id.* at *13.[1]

---

[1]

The TCE defendants (construction contractor and its general partners) asked for leave to amend their answer to assert a cross-claim for contractual and common-law indemnification and contribution against the Capital defendants (project engineers). This court responded that "[i]f the

**DECLINING SUPPLEMENTAL JURISDICTION**

That leaves only some of Timothy Jodway's and Alaina Zanke-Jodway's claims against

the Capital Defendants and the TCE Defendants, all of which arise under Michigan law.  The

court has supplemental jurisdiction[2] over those claims, but our Circuit emphasizes that

"'[s]upplemental jurisdiction is a doctrine of discretion . . . not of right.'" *Hendrixson v. BASF*

*Const. Chems. LLC*, – F. Supp.2d –, –, 2008 WL 3915156, *20 (W.D. Mich. Aug. 20, 2008)

(Maloney, C.J.) (quoting *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003)); *see also*

*Baer v. R&F Coal Co.*, 782 F.2d 600, 602 (6th Cir. 1986) (p.c.) (citing *UMWA v. Gibbs*, 383 U.S.

715, 726 (1966)); *Lake v. Granholm*, 2008 WL 724162, *14 (W.D. Mich. Mar. 17, 2008)

(Jonker, J.) (quoting *Habich*).[3]

Having disposed of the plaintiffs' lone federal claim – count one's 42 U.S.C. § 1983

claim against the previously-dismissed Boyne City Defendants – the court exercises its

discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over the

remaining claims, which all arise under state law.  *See Allen v. City of Sturgis*, 559 F. Supp.2d

837, 852 (W.D. Mich. 2008) (Maloney, J.) ("'[A] federal court that has dismissed a plaintiff's

---

TCE defendants wish to amend their answer, however, they must file a motion seeking such leave in the ordinary fashion (which includes their prior consultation with Capital's counsel per our Local Civil Rules . . .)."  *Zanke 4*, 2010 WL 914339 at *13 n.3.

[2]

"The single term 'supplemental jurisdiction' now encompasses the two judicially created doctrines formerly referred to as 'pendent' and 'ancillary' jurisdiction.  28 U.S.C. § 1367, enacted [in] 1990 . . . , was intended to codify these case law doctrines."  *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 997 n.1 (E.D. Mich. Jan. 23, 1996).

[3]*Accord Tholmer v. Yates*, 2009 WL 174162, *6 n.7 (E.D. Cal. Jan. 26, 2009) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997)).

federal-law claim should not ordinarily reach the plaintiff's state-law claims.'") (citing, *inter alia*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3) and *UMWA*, 383 U.S. at 726 ("Certainly if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")), *cert. denied*, 549 U.S. 1279 (2007)); *see also Musson Theatrical, Inc. v. Fed Ex Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").[4] *Accord Pierson Sand & Gravel, Inc. v. Keeler Bras Co.*, 460 Mich. 372, 383, 596 N.W.2d 153, 158-59 (Mich. 1999) (citation omitted).

"There does not appear to be any extraordinary circumstances to justify departing from th[e] general rule" disfavoring supplemental jurisdiction. *Pickelhaupt v. Jackson*, 2008 WL 4457823, *13 (E.D. Mich. July 22, 2008), *R&R adopted in part and rejected in part o.g.*, 2008 WL 4457807 (E.D. Mich. Sept. 30, 2008). The interests of justice and comity are best served by deferring to Michigan's courts, which are best equipped to interpret their own State's environmental, nuisance *per se* and trespass statutes, and to develop its own common law governing the intentional infliction of emotional distress. *See Allen*, 559 F. Supp.2d at 852 (citing, *inter alia*, *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 585 (6th Cir. 2005) ("[T]he district court did not abuse its discretion in declining to exercise supplemental jurisdiction over

---

[4]

To see just how strong our circuit's presumption against supplemental jurisdiction is, *see Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (only "*overwhelming* interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed") (emphasis added) and *Brown v. Nationwide Mut. Ins. Co.*, 2005 WL 1223888, *2 n.3 (N.D. Ohio May 23, 2005) (Dowd, J.) ("Although this court has discretion to exercise supplemental jurisdiction over state law claims which are based on the same facts as federal claims . . . , it is not required to do so *and rarely does*.") (emphasis added), *mot. for relief from judgment den.*, 2006 WL 1982943 (N.D. Ohio July 13, 2006).

the state law issues based on its consideration of *the interests of justice and comity best served by a state court's resolution of the remaining state law claims*.") (emphasis added)); *State Farm Auto. Ins. Co. v. Carter*, – F. Supp.2d –, –, 2008 WL 5740100, *18 (W.D. Mich. Oct. 28, 2008) ("When reasonably possible, it is far preferable for Michigan courts to interpret Michigan law . . . . This is even more true [given that Michigan] judges . . . are elected by, and thus directly accountable to, the citizens . . . .").[5]

Under these circumstances, "this court can avoid needlessly deciding state law issues by way of remand." *Royce v. Lexington-Fayette Cty. Dep't of Health*, 2006 WL 2265034, *6 (E.D. Ky. Aug. 7, 2006) (after granting summary judgment on plaintiff's FMLA claim, court remanded Kentucky Civil Rights Act claims to county circuit court).

For the convenience of my state-court judge colleague, the court concludes by summarizing the state of the amended complaint. The following three claims remain pending against the three TCE Defendants (Sackrider, Van Dermus, and both men d/b/a Tri-County Excavating Inc.):

---

[5]*See, e.g.:*
*Gibson-Riggs v. Grant Cty. Det. Ctr.*, 2010 WL 1050071 (E.D. Ky. Mar. 18, 2010) (Bunning, J.)
*Mathis v. Cuyahoga Cty. Sheriff*, 2010 WL 898650 (N.D. Ohio Mar. 12, 2010)　　(Nugent, J.)
*Lufkin v. Hamilton*, 2010 WL 908928, *8 (E.D. Tenn. Mar. 12, 2010)　　　　(Phillips, J.)
*Reed v. Jagnow*, 2010 WL 846714, *2 (N.D. Ohio Mar. 4, 2010)　　　　　　(Lioi, J.)
*Averett v. Honda of Am. Mfg., Inc.*, 2010 WL 522826, *11 (S.D. Ohio Feb. 9, 2010) (Holschuh, J.)
*Gay v. Martin*, 2010 WL 532687, *1 (E.D. Ky. Feb. 4, 2010)　　　　　　(Coffman, C.J.)
*Wheeler v. Lansing*, – F. Supp.2d –, 2010 WL 24153 (W.D. Mich. Jan. 6, 2010)　(Maloney, C.J.)
*Reinhardt v. Dennis*, 399 F. Supp.2d 803, 811 (W.D. Mich. 2005)　　　　(McKeague, J.)
*Forner v. Robinson Twp. Bd.*, 2007 WL 2284251 (W.D. Mich. Aug. 7, 2007)　　(Quist, J.)
*Henderson v. Caruso*, 2007 WL 1876471 (W.D. Mich. June 28, 2007)　　　(Greeley, M.J.)
*Herron v. Caruso*, 2005 WL 1862036, *6 (W.D. Mich. Aug. 2, 2005)　　　(Edgar, J.)

| | |
|---|---|
| Count 7 | NREPA Part 31, Clean Water Act |
| Count 8 | NREPA Part 91, Soil & Sedimentation Act |
| Count 9 | NREPA Part 301, Inland Lakes and Streams Act |

The following six claims remain pending against the three Capital Defendants (Capital

Consulting Inc., Fox, and Hirschenberger):

| | |
|---|---|
| Count 7 | NREPA Part 31, Clean Water Act |
| Count 8 | NREPA Part 91, Soil & Sedimentation Act |
| Count 9 | NREPA Part 301, Inland Lakes and Streams Act |
| Count 10 | Nuisance Per Se in violation of MICH. COMP. LAWS § 125.3407 |
| Count 11 | Trespass in violation of MICH. COMP. LAWS § 600.2919 |
| Count 25 | Intentional Infliction of Emotional Distress |

Plaintiffs' claims against all other defendants were dismissed for lack of prosecution.

## **ORDER**

Pursuant to 28 U.S.C. § 1367(c), the court **DECLINES supplemental jurisdiction** over

all remaining claims.

This case is **REMANDED** to the Circuit Court for Charlevoix County, Michigan.[6]

This case is **TERMINATED and CLOSED**.

This is a final order, and it is immediately appealable. *See Carlsbad Technology, Inc. v.*

*HIF Bio, Inc.*, – U.S. –, 129 S.Ct. 1862, 1864-65 (2009) (Thomas, J., for the majority, with

Stevens, Scalia, Breyer and Souter all issuing separate concurrences) (orders remanding to state

court for lack of subject-matter jurisdiction are not reviewable on appeal or otherwise, but an

order discretionarily declining supplemental jurisdiction over state-law claims after resolution of

---

[6]A Rule 58 Judgment is not necessary, because the remand of the remaining state-law
claims does not constitute a judgment in favor of any party.

federal-law claims and then remanding is <u>not</u> such a nonreviewable order)).[7][8][9]

**IT IS SO ORDERED** on this  30th  day of March 2010.

---

[7]

*Accord White v. Rawl Sales & Processing Co.*, 239 F. App'x 839, 839 (**4th Cir.** 2007) ("remands based on § 1367(c) are appeal final orders under 28 U.S.C. § 1291") (citing *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 606 n.16 (4th Cir. 2002));

*Lonestar Ob/Gyn Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 527 n.2 (**5th Cir.** 2009);

*Montana v. City of Chicago*, 375 F.3d 593, 599-600 (**7th Cir.** 2004) ("[R]emands of removed cases that dispose of all remaining claims and that rest on the authority of 28 U.S.C. § 1367(c), rather than 28 U.S.C. § 1447(c), are appealable final judgments.") (citing, *inter alia*, *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 727 n.9 (7th Cir. 2001));

*Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 742 (**8th Cir.** 2009) ("This court has jurisdiction to review the district court's decision to remand the state-law claims back to state court.") (citing *Carlsbad*);

*Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (**11th Cir.** 2004) (citation omitted).

[8]

It is unclear whether this court's earlier orders ruling on dispositive motions by the Capital Defendants (*Zanke 1)*, dismissing the lone federal claim for lack of prosecution (a 42 U.S.C. § 1983 against the Boyne City Defendants, *Zanke 3*), or ruling on dispositive motions by the TCE Defendants and the plaintiffs (*Zanke 4*) are also now appealable, or whether the parties must await final disposition of the remaining claims in state court before appealing. *Cf. Hyde Park Co. v. Sante Fe City Council*, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000) ("Federal appeals courts have consistently held, however, that they have jurisdiction to review a district court order dismissing federal claims on the merits where the district court subsequently exercised its discretion under § 1367 to remand supplemental state law claims to state court.") (citations omitted). That will be a matter for our Court of Appeals to decide if some party attempts to appeal any of those decisions.

[9]

However, the refusal to exercise supplemental jurisdiction is reviewed only for clear error. *See Bell-Coker v. City of Lansing*, 2009 WL 166556, *8 (W.D. Mich. Jan. 21, 2009) (Maloney, C.J.) (citing *Reynosa v. Schultz*, 282 F. App'x 386, 390-91 (6th Cir. 2008) ("We . . . will not reverse unless the court below 'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard . . . .'") (cites omitted)). *Cf. Miller v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001) (the "decision to 'relinquish pendent jurisdiction before the federal claims have been tried . . . will be reversed only in extraordinary circumstances.'") (citation omitted).

/s/   Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge